# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EDWARD O'BANNON, JR.,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,
*Plaintiff-Appellee*,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
*Defendant-Appellant*,

and

ELECTRONIC ARTS, INC.; COLLEGIATE LICENSING COMPANY,
*Defendants*.

Appeals from the United States District Court for the Northern
District of California, No. 09-cv-03329 (Wilken, C.J.)

## NCAA'S OPPOSITION TO MOTION OF MARTIN JENKINS, NIGEL HAYES, AND ALEC JAMES FOR LEAVE TO PARTICIPATE IN THESE APPEALS AS AMICI CURIAE

GLENN D. POMERANTZ
KELLY M. KLAUS
LUIS LI
ROHIT K. SINGLA
CAROLYN H. LUEDTKE
THANE REHN
JUSTIN P. RAPHAEL
JESLYN A. MILLER
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
(415) 512-4000

SETH P. WAXMAN
LEON B. GREENFIELD
DANIEL S. VOLCHOK
DAVID M. LEHN
WEILI J. SHAW
MATTHEW J. TOKSON
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue N.W.
Washington, D.C. 20006
(202) 663-6000

GREGORY L. CURTNER
ROBERT J. WIERENGA
KIMBERLY K. KEFALAS
SUZANNE L. WAHL
SCHIFF HARDIN LLP
350 Main Street, Suite 210
Ann Arbor, MI 48104
(734) 222-1500

January 28, 2015

## CORPORATE DISCLOSURE STATEMENT

The National Collegiate Athletic Association is an unincorporated, non-profit membership association composed of over 1,200 member schools and conferences. It has no corporate parent, and no publicly held corporation owns 10 percent or more of its stock.

The NCAA respectfully opposes the motion of Martin Jenkins, Nigel Hayes, and Alec James for leave to file an amicus curiae brief in these appeals, for the simple reason that they are parties here.

1. By definition, "[a]n amicus curiae is not a party to litigation." *Miller-Wohl Co. v. Commissioner of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) (per curiam); *see also* Note, *Amici Curiae*, 34 Harv. L. Rev. 773, 775 (1921) ("An amicus curiae may not act for a party[.]"). Indeed, whatever role amici have come to play over time, it remains clear that there is "a bright-line distinction between amicus curiae and named parties/real parties in interest in a case or controversy." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991). Hence, a party to a case may not file an amicus curiae brief in that case, *e.g.*, *Count of Marin v. Martha Co.*, 2007 WL 987310, at *1 (N.D. Cal. Apr. 2, 2007), and "[w]hen the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied," *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993); *cf. Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir.1997) (Posner, C.J., in chambers) ("An amicus brief should normally be allowed … when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene

and become a party in the present case)[.]"). The NCAA is aware of no case even suggesting otherwise.

2. Martin Jenkins, Nigel Hayes, and Alec James are members of the certified class in this litigation, and thus are themselves parties. The class here was ultimately defined as:

> All current and former student-athletes residing in the United States who compete on, or competed on, an NCAA Division I (formerly known as "University Division" before 1973) college or university men's basketball team or on an NCAA Football Bowl Subdivision (formerly known as Division I-A until 2006) men's football team and whose images, likenesses and/or names may be, or have been, included or could have been included (by virtue of their appearance in a team roster) in game footage or in videogames licensed or sold by Defendants, their co-conspirators, or their licensees.

ER14; *see also* Order Granting in Part and Denying in Part Mot. For Class Certification at 23, Dkt. 893, *Keller v. Electronic Arts, Inc.*, No. 09-1967 (N.D. Cal. Nov. 8, 2013); Order Resolving Cross-Mots. For Summ. J., Granting Mot. To Amend Class Definition, Denying Mot. For Leave To File Mot. For Reconsideration at 42-43, Dkt. 1025, *Keller*, No. 09-1967 (N.D. Cal. Apr. 11, 2014) (amending class definition).

The proposed amici fall squarely within this definition. Messrs. Jenkins and James are current Football Bowl Subdivision (FBS) student-athletes (at Clemson University and the University of Wisconsin, Madison, respectively), and Mr. Hayes is a current NCAA Division I basketball student-athlete (at the University of

Wisconsin, Madison). Am. Compl. 3-4, Dkt. 142, *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, No. 14-md-2541 (N.D. Cal. Oct. 30, 2014); University of Wisconsin, Madison, Bio for Alec James, http://www.uwbadgers.com/sports/m-footbl/mtt/alec_james_852824.html. They are thus "current … student-athletes residing in the United States who compete on … an NCAA Division I … college or university men's basketball team or on an NCAA [FBS] … men's football team and whose images, likenesses, and/or names … could have been included (by virtue of their appearance in a team roster) in game footage" (and they were at the time that the class was certified by the district court, as well). And their views have already been submitted to this Court, in the 13,999-word brief that plaintiffs filed last week. Indeed, in certifying the class here, the district court necessarily determined that Messrs. Jenkins, Hayes, and James are "adequately represented" by the named plaintiffs and their counsel. *See Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994). It would thus be particularly inappropriate to create an exception here to the universal rule that parties cannot also be amici in the same case.

\* \* \*

The NCAA has no quarrel with amicus briefs; it has consented to every other amicus request in these appeals. But an amicus brief from individual members of the class—whose views on the issues here appear to be no different

- 3 -

- 4 -

than those of the class representatives—would simply give plaintiffs a 7,000-word expansion of their brief. That is unwarranted (otherwise, every class member could find separate counsel and file his own amicus brief). The three class members' request to participate in these appeals as both parties and amici should be denied.

Respectfully submitted.

/s/ SETH P. WAXMAN

| | |
|---|---|
| GLENN D. POMERANTZ | SETH P. WAXMAN |
| KELLY M. KLAUS | LEON B. GREENFIELD |
| LUIS LI | DANIEL S. VOLCHOK |
| ROHIT K. SINGLA | DAVID M. LEHN |
| CAROLYN H. LUEDTKE | WEILI J. SHAW |
| THANE REHN | MATTHEW J. TOKSON |
| JUSTIN P. RAPHAEL | WILMER CUTLER PICKERING |
| JESLYN A. MILLER |    HALE AND DORR LLP |
| MUNGER, TOLLES & OLSON LLP | 1875 Pennsylvania Avenue N.W. |
| 560 Mission Street, 27th Floor | Washington, D.C.  20006 |
| San Francisco, CA  94105-2907 | (202) 663-6000 |
| (415) 512-4000 | |

GREGORY L. CURTNER
ROBERT J. WIERENGA
KIMBERLY K. KEFALAS
SUZANNE L. WAHL
SCHIFF HARDIN LLP
350 Main Street, Suite 210
Ann Arbor, MI  48104
(734) 222-1500

January 28, 2015

## CERTIFICATE OF SERVICE

I certify that on this 28th day of January 2015, I electronically filed the foregoing with the Court using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Seth P. Waxman
SETH P. WAXMAN